UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL CISNEROS PORTILLO, CESAR TENORIO, EUGENIO ORTEGA VASQUEZ, GILBERTO HUELITL, GILMAR SONTAY TZUN (AKA FREDDY), JOSE PORTILLO ROBLES, ENRIQUE MORAN PEREZ, ANDRES REYES and PEDRO ACENSIO CAMACHO,<br><br>                        Petitioners,<br><br>           -against-<br><br>ABACUS FEDERAL SAVINGS BANK,<br><br>                        Respondent. | **PETITION FOR TURNOVER ORDER PURSUANT TO FED. R. CIV. P. 69 AND N.Y. C.P.L.R. §5225(b)** |

Petitioners Miguel Cisneros Portillo, Cesar Tenorio, Eugenio Ortega Vasquez, Gilberto Huelitl, Gilmar Sontay Tzun (Aka Freddy), Jose Portillo Robles, Enrique Moran Perez, Andres Reyes and Pedro Acensio Camacho ("Petitioners"), through their attorneys Michael Faillace & Associates, P.C., for their Petition for an order directing turnover of money, state as follows:

The Parties

1. Petitioners are judgment creditors of New Ko-Sushi Japanese Restaurant, Inc. (d/b/a Ko Sushi Japanese Restaurant), Jim Cai Wang (a/k/a Tommy") and Mai Jiang Zhu (a/k/a "Jimmy" Chen), (collectively, the "Judgment Debtors"). Petitioners were awarded a judgment by this Court (the "Judgment") against the Judgment Debtors in an action brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). A true and correct copy of the Judgment entered in favor of Petitioners is annexed as Exhibit A.

2. Respondent Abacus Federal Savings Bank ("Respondent") is bank operating in New York, New York. Judgment debtor Mai Jiang Zhu maintains a joint bank account with his wife, Deng Lin, at Abacus Federal Savings Bank.

Jurisdiction

3. This Court may exercise personal jurisdiction over Abacus Federal Savings Bank. Abacus Federal Savings Bank regularly conducts continuous and systematic business in New York in such a manner and to such an extent as to be subject to this Court's jurisdiction, including but not limited to, maintaining its principal offices within this Court's jurisdiction.

4. This Court has subject matter jurisdiction pursuant to this Court's ancillary jurisdiction to enforce its judgment in the action *Cisneros Portillo et al. v. New Ko-Sushi Japanese Restaurant Inc.,* Index No. 16-cv-2429 (JMF) (Ex. A)

Procedural Background and Entry of Judgment

5. Petitioners are former employees of Ko-Sushi Japanese Restaurant located in New York, New York. Petitioners filed an action against the Judgment Debtors in April 2016. The Court held a jury trial in the action in April 2017. The jury returned a verdict in favor of Petitioners and against the Judgment Debtors. Judgment was entered in favor of Petitioners on June 6, 2017 in the total amount of $674,815.69. (Ex. A)

6. No part of the Judgment, or the interest accrued thereon, has been paid or satisfied.

Abacus Federal Savings Bank Has Property Subject to Execution Pursuant to CPLR § 5225(b)

7. On December 5, 2017, Petitioners' attorneys served a restraining notice and information subpoena pursuant to CPLR § 5222 and 5224 upon Respondent Abacus Federal Savings Bank. The restraining notice is annexed as Exhibit B. On or about December 19, 2017, Abacus Federal Savings Bank responded to the information subpoena, answering that Judgment debtor Mai Jiang

Zhu maintains a joint checking account with Deng Lin at Abacus Federal Savings Bank, and that as of December 19, 2017, the balance in the checking account was $113,846.32.  The response to the restraining notice is annexed as Exhibit C.

8. "Under New York law, a joint account 'creates a rebuttable presumption that each named tenant is possessed of the whole of the account so as to make the account vulnerable to levy of a money judgment by the judgment creditor of one of the joint tenants.'"  *VFS Fin., Inc. v. Elias-Savion-Fox LLC*, 73 F. Supp. 3d 329, 349 (S.D.N.Y. 2014) (quoting *Signature Bank v. HSBC Bank USA, N.A.*, 67 A.D.3d 917, 918, 889 N.Y.S.2d 242 (N.Y. App. Div. 2009)). "The judgment debtor bears the burden of rebutting that presumption." *Id.*

9. The money in this account constitutes personal property of judgment debtor Mai Jiang Zhu in the possession of the Respondent.  Thus, pursuant to Fed. R. Civ. P. 69 and N.Y. CPLR § 5225(b), Petitioners are entitled to levy against it.

**WHEREFORE**, Petitioners respectfully request that an order be entered directing Abacus Federal Savings Bank to turn over to the attorneys for Petitioners all money or property being held in the account of Mai Jiang Zhu and Deng Lin, in an amount not exceeding the sum of $674,815.69, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 27, 2017

MICHAEL FAILLACE & ASSOCIATES P.C.

By:     /s/ Jesse S. Barton
Jesse S. Barton, Esq.
*Attorneys for Petitioners*
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200